IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MELVIN E. JOHNSON, JR., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN CHARLES MAIORANA, <br><br> Respondent. | CASE NO. 4:24-cv-898 <br><br> DISTRICT JUDGE <br> CHRISTOPHER A. BOYKO <br><br> MAGISTRATE JUDGE <br> JAMES E. GRIMES JR. <br><br> **REPORT & RECOMMENDATION** |

In May 2024, petitioner Melvin Johnson, who is represented by counsel, filed a federal habeas petition under 28 U.S.C. § 2254 challenging his state-court felony convictions. Doc. 1. In his petition, Johnson raises four claims, including two that he raised on direct appeal to the Ohio court of appeals. Doc. 1, at 8–10. In lieu of an Answer, the Warden filed a Motion for leave to file a motion to dismiss,[1] Doc. 10, and a motion to dismiss, Doc. 10-1, arguing that Johnson's petition is a "mixed petition" with exhausted and unexhausted claims. The Warden submits that Johnson's two direct-appeal claims are unexhausted because Johnson never filed a direct appeal to the Ohio Supreme Court, and he could still pursue in the Ohio Supreme Court a motion for delayed appeal. Doc. 10-1, at 14.

---

[1] The Court's Initial Order permits a respondent to seek leave to file a motion to dismiss. *See* Doc. 4, at 2.

Johnson filed a response. Doc. 11. He agrees that his two direct-appeal claims are unexhausted because he never filed a direct appeal to the Ohio Supreme Court. *Id.* at 2. But rather than dismiss the petition, as the Warden urges, Doc. 10-1, at 15, Johnson asks the Court to stay this case "to allow him the opportunity to exhaust his State remedy of a direct appeal to the Ohio Supreme Court." Doc. 11, at 2.

*Johnson's direct-appeal claims are unexhausted*

In ground three, Johnson alleges that the trial court erred when it allowed the State to introduce into evidence unauthenticated text messages. Doc. 1, at 8. In ground four, he alleges that the indictment inadequately placed him on notice that the State intended to use federal charges as predicate acts to establish, under state law, that Johnson was engaged in a pattern of corrupt activity. *Id.* at 10.

Johnson concedes that grounds three and four, which he raised to the Ohio court of appeals on direct appeal, Doc. 10-2, at 154, are unexhausted because he never appealed the appellate court's ruling to the Ohio Supreme Court, Doc. 11, at 2. And the Ohio Supreme Court Rules permit Johnson to seek a delayed appeal. *See* Ohio S. Ct. Prac. R. 7.01(4) (in a felony case, a defendant may file in the Ohio Supreme Court a motion for delayed appeal after the time to appeal has expired). So Johnson's failure to file an appeal to the Ohio Supreme Court on direct review means that his direct-review claims are unexhausted. *See, e.g., Dunford v. Tibbals*, No. 3:11-cv-2028, 2013 WL

5726083, at *11 (N.D. Ohio Oct. 21, 2013) ("Courts in this District have held that a petitioner's federal habeas claims are not exhausted where he may yet file a motion for delayed appeal in the Supreme Court of Ohio and therefore has a potential remaining state avenue of relief") (collecting cases), *report and recommendation adopted*, 2014 WL 619206 (N.D. Ohio Feb. 18, 2014); *see also Keeley v. Warden, Belmont Corr. Inst.*, No. 2:15-cv-972, 2016 WL 1642965, at *5 (S.D. Ohio Apr. 26, 2016); *but see Mills v. Hudson*, No. 3:08-cv-1974, 2009 WL 484181, at *1 (N.D. Ohio Feb. 25, 2009) (finding that the petitioner's failure to file in the Ohio Supreme Court a direct appeal did not mean that a claim was unexhausted because "[w]hile Petitioner may move the Ohio Supreme Court for *permission* to raise his claims [in a motion for delayed appeal], he has no *right* to raise them.").

*Johnson is not entitled to a stay and abeyance*

Generally, to obtain federal habeas review, petitioners must exhaust their claims in state court first. 28 U.S.C. § 2254(b)(1)(A). When faced with a mixed petition—a petition containing exhausted and unexhausted claims—a federal habeas court may dismiss without prejudice the entire petition; permit the petitioner to drop from the petition the unexhausted claims and proceed with the exhausted claims; stay the case to allow the petitioner to exhaust the unexhausted claims in state court, *Rhines v. Weber*, 544 U.S. 269, 274, 278 (2005); or "ignore the exhaustion requirement altogether and *deny* the petition on the merits if *none* of the petitioner's claims has any merit," *Harris v. Lafler*,

3

553 F.3d 1028, 1032 (6th Cir. 2009) (citing 28 U.S.C. § 2254(b)(2)). A stay is only appropriate when the petitioner shows "good cause" for failing to exhaust the claims in state court. *Rhines*, 544 U.S. at 277. And even if a petitioner shows good cause, the court may not grant a stay when the unexhausted claims are "plainly meritless" or the petitioner engaged in "dilatory litigation tactics." *Id.* at 277–78.

Johnson submits that he did not exhaust his state-court remedies because "he did not have counsel to timely prosecute an appeal to the Ohio Supreme Court. Through the assistance of his family, he *now* has counsel to prosecute a delayed appeal to the Ohio Supreme Court." Doc. 11, at 3. But Johnson had no right to counsel for a discretionary direct appeal to the Ohio Supreme Court, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), and he doesn't explain why he didn't file an appeal himself. Moreover, the record shows that in June 2022, Johnson obtained counsel—the same attorney representing him in this habeas case. *See* Doc. 10-2, at 281. And yet Johnson did not at or since that time file a motion for delayed appeal in the Ohio Supreme Court. Indeed, as of the date of this writing, Johnson *still* has not filed a motion for delayed appeal in the Ohio Supreme Court.[2] So Johnson fails to show good cause for not exhausting his state-court remedies, and he has

---

2    In his response filed on September 24, 2024, Johnson does not state that he has filed a motion for delayed appeal in the Ohio Supreme Court. Review of the Ohio Supreme Court's docket does not indicate that Johnson has filed such a motion. *See* https://www.supremecourt.ohio.gov/clerk/ecms/#/search.

4

intentionally delayed exhausting his remedies. *See Rhines*, 544 U.S. at 277–78. He has not attempted to show that his direct-appeal claims are potentially meritorious.[3] *See id.* at 278. I therefore recommend that the Court deny Johnson's request for a stay.

That leaves two options for the Court, and for Johnson. The Court could dismiss without prejudice Johnson's petition or permit Johnson to drop from the petition the unexhausted claims—grounds three and four—and proceed with the exhausted claims.[4] *See Rhines*, 544 U.S. at 278. I recommend that the Court permit Johnson to file an amended petition omitting the unexhausted claims within 14 days. If Johnson fails to do so, I recommend that the court dismiss without prejudice his petition.

*Conclusion*

For all the reasons explained above, I grant the Warden's Motion for leave to file a motion to dismiss, Doc. 10, and deem the Warden's Motion to Dismiss, Doc. 10-1, as filed on the docket. I recommend that the Court proceed as follows:

---

[3] Johnson attaches an affidavit from a trial witness which, he states, is relevant to his "actual innocence claim." Doc. 11, at 3; Doc. 11-1. Johnson presented this information in his 2022 motion for new trial, *see* Doc. 10-2, at 287, and it is not relevant to Johnson's unexhausted direct-appeal claims challenging the admissibility at trial of text messages and the sufficiency of the indictment.

[4] The Warden has not asked this Court to "ignore the exhaustion requirement altogether and *deny* the petition on the merits." *See Harris*, 553 F.3d at 1032.

5

- grant the Warden's Motion to dismiss, Doc. 10-1, to the extent that Johnson may not proceed on his mixed petition and that he is not entitled to a stay, and deny Johnson's request for a stay, Doc. 11; and

- permit Johnson to file an amended petition omitting the unexhausted claims within 14 days. If Johnson fails to do so, I recommend that the court dismiss without prejudice his petition.

Dated: October 17, 2024

      */s/ James E. Grimes Jr.*
      James E. Grimes Jr.
      U.S. Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).