UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MELVIN E. JOHNSON, JR.,** | ) | CASE NO. 4:24CV898 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **CHARLES MAIORANA, WARDEN,** | ) | |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Report and Recommendation of the Magistrate Judge (ECF DKT #12) and Petitioner's Motion (ECF DKT #11) to Stay and Hold in Abeyance. For the following reasons, the Court accepts the Magistrate Judge's Report and Recommendation and denies Petitioner's Motion to Stay.

### I. BACKGROUND

In May 2024, Petitioner Melvin Johnson filed a Federal Habeas Petition under 28 U.S.C. § 2254 challenging his state court felony convictions. Petitioner raises four claims, including two that he raised on direct appeal to the Ohio Court of Appeals. In lieu of an Answer, Respondent Charles Maiorana filed a Motion for Leave to File a Motion to Dismiss, arguing that the Petition is a "mixed petition" with exhausted and unexhausted claims. Respondent further submits that two of Petitioner's claims are unexhausted because he never filed a direct appeal to the Ohio Supreme Court; and Petitioner could still pursue a motion for delayed appeal in the Ohio Supreme Court.

Petitioner agrees that Claims Three and Four are unexhausted because he never filed a direct appeal to the Ohio Supreme Court. However, rather than dismiss the Petition, he asks the Court to stay this case "to allow him the opportunity to exhaust his State remedy of a direct appeal to the Ohio Supreme Court."

In Claim Three, Petitioner alleges that the trial court erred when it allowed the State to introduce into evidence unauthenticated text messages. In Claim Four, he alleges that the Indictment failed to adequately place him on notice that the State intended to use federal charges as predicate acts to establish, under state law, that he was engaged in a pattern of corrupt activity.

Petitioner concedes that Claims Three and Four, which he raised to the Mahoning County Court of Appeals on direct appeal, are unexhausted because he never appealed the appellate court's ruling to the Ohio Supreme Court. Pursuant to Ohio S.Ct.Prac.R. 7.01(4), a felony defendant may file in the Ohio Supreme Court a motion for delayed appeal after the time to appeal has expired.

The Magistrate Judge recommends: (1) Grant Respondent's Motion to Dismiss (ECF DKT #10) to the extent that Petitioner may not proceed on his "mixed petition" and that he is not entitled to a stay; and (2) Permit Petitioner to file an amended petition omitting the unexhausted claims within 14 days of the Court's Order.

In his Objections (ECF DKT #15), Petitioner contends that he is justified in seeking a stay of proceedings to pursue a request for delayed appeal and that Respondent will not be prejudiced by a short delay.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."); Fed.R.Civ.P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). After review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3).

## III. ANALYSIS

One week after the Report and Recommendation was issued, Petitioner filed an Amended Petition (ECF DKT #13) removing the unexhausted Claims Three and Four.

On February 18, 2025, the Supreme Court of Ohio issued the following Order in *State of Ohio v. Melvin E. Johnson, Jr.* (Case No. 2024-1746): "Upon consideration of appellant's motion for delayed appeal, it is ordered by the court that the motion is denied. Accordingly, this cause is dismissed."

The Court finds that Petitioner's Objections repeat what he has argued previously.

Furthermore, with the filing of the Amended Petition and the Supreme Court of Ohio's denial of Petitioner's Motion for Delayed Appeal, his Objections are rendered moot.

## IV. CONCLUSION

Upon review, the Court finds no error in the Magistrate Judge's determinations. The Court accepts the Report and Recommendation and denies as moot Petitioner's Motion (ECF DKT #11) to Stay and Hold Matter in Abeyance. This matter is returned to the Magistrate Judge for proceedings on the Amended Petition.

**IT IS SO ORDERED.**

**DATE: 3/3/2025**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**